[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This action concerns an automobile collision that happened on December 16, 1987. The defendant was operating a motor vehicle in a generally northerly direction on Wolcott Street in Waterbury. The plaintiff was exiting a shopping mall abutting Wolcott Street and was proceeding in a generally westerly direction. That he was on a private driveway is of no significance because at that point there was a traffic control signal light. I find as facts that the light was green for the plaintiff and red for the defendant. Nevertheless, the defendant failed to stop and the left front of her car collided with the driver's side of the plaintiff's car. I have no difficulty in finding the defendants liable for the collision. The question of damages is not so simple.
The plaintiff claims to have suffered acute hyperextension flexion injury to the cervical spine, whiplash, myofascitis and radiculitis of the cervical musculature, numbness and pain in the shoulders, pain to the chest and pinching of the metal clips on top of the ribs and aggravation of the chest pain and rib pain.
The plaintiff has an extensive medical history. Because of the significant passage of time, I do not regard as significant the problems he had had in 1977 involving his arms and ribs. In November of 1980 he was diagnosed as having an acute myofascitis of the cervical musculature for which he received some forty-four chiropractic treatments on a frequent basis through August of 1982 but only spasmodic treatments thereafter, so I have no difficulty in accepting that he was asymptomatic in regard to this condition. However, in May, 1987 he experienced a fall at work which caused cervical and lumbosacral sprain with cervical and lumbar myofascitis and radiculitis and received forty-eight chiropractic treatments between the date of the fall and two days prior to this collision. On December 9, 1987, one week before the CT Page 3666 collision, his treating chiropractor wrote to his Worker's Compensation carrier "Treatment is continuing on a twice weekly basis since the patient continues to experience pain and stiffness in his upper and lower back. Examination reveals tenderness to cervical and lumbar palpation, with the more intense symptoms located in the lumbosacral musculature." I am forced to conclude that he had a preexisting neck problem. I readily accept the testimony of his chiropractor that the collision did cause an exacerbation of this condition and was a significant factor in his continuing to receive treatment on a frequent basis.
The complaint does not allege damage to the automobile. It does allege diminution of earning capacity but the evidence presented does not provide a basis for determining such a factor. The chiropractor testified that in his opinion the plaintiff has a 5% permanent partial disability of the neck but he also testified that the time of making that evaluation he had not achieved maximum improvement. Evidence was presented as to payments received by the plaintiff from his "no-fault" carrier but as that carrier has subrogation rights and has claimed a lien, Connecticut General Statutes Section 52-225a(a)(2)(1) applies. I find that the chiropractor's fee of $900 for testifying is reasonable and may be included in the bill of costs.
Based on all of the above, I find that a fair, just and reasonable award for past non-economic damages is $6,000. The evidence presented does not provide a basis for determination of future non-economic damages.
Judgment may enter for the plaintiff in accordance herewith.
J. HEALEY, STATE TRIAL REFEREE